Cartter, Ch. J.:
The contract of the 9th of August, 1873, must be regarded sas the foundation of the bill, and according to its express terms Dodge, Darneille, and Barber were to negotiate bonds and certificates only so far as may be necessary and required Iby Strong. The amount to be disposed of is to depend on *579 bis discretion, and is to be more or less, as be pleases. I think the power of attorney is to be construed with the contract, and as Strong has reserved the right in the contract to have no more certificates negotiated than he may require, he cannot be enjoined from receiving them himself. Whenever he chooses he can stop the parties he contracted with, and he can also stop the attorneys, as their power is but a part of the contract.
The bill states that Barber became surety upon Strong’s bond to the board of public works, upon an agreement that the power of attorney should be held for his indemnity against all loss by reason of his suretyship upon said bond ; but the answer denies this allegation, and the agreement is not otherwise proved. I do not see how, upon this state of the proofs, an injunction could issue.
The order denying it ought to be affirmed.
Wylie, J.:
Another ground for refusing the injunction is that Barber has never been called upon to make good any default by reason of his undertaking in the bond, and it never can be -enforced against him if Stroug fulfills his contract with the board of public works. If it be true, as Barber states, that he has notified the board of his interest in the power of attorney, and that it has not been revoked, no liability can ever arise, for he would be released from the performance of the undertaking in his bond, at least to the amount of the .certificate which the board afterward delivered to Strong.
Olin, J.:
The motion in this case was heard after an answer denying the equity of the bill, and consequently no injunction would lie. But I am further of opinion that the order made in this case was not appealable. The language of the statute confines the right of appeal to such orders or decrees as involve the merits of the case. A preliminary injunction is not the final determination of the action, and I think the decree must be final in order to be appealable. I am, however, for affirming the order on the ground already stated.
*580 MacArthur, J.:
I concur in the decision that the order appealed from ought to be affirmed. I think, however, it should be affirmed for the reason that there is a misjoinder of parties defendant-in the bill. The answer makes this objection, and in my view it is fatal to the bill. I cannot agree to the view that the contract and power of attorney constitute but one agreement. Strong made the contract with Dodge, Darneille, and Barber, but the power of attorney is given to only two of these parties. The rule which permits separate instruments to be read together applies only when the parties are the same and they relate to the same subject. Such is not the case here. The power of attorney has a different object from the contract, nor are all the parties the same, and there is no reference in one to the other on their face. The former cannot be construed to affect the rights of Dodge, who is not named in it, and who, as far as the case shows, has never waived his interest in the contract. I am satisfied that the portion of the answer which is interposed by way of demurrer is fatal to the maintenance of the bill, and the latter is> therefore, incapable of sustaining an injunction.